Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues for the charges to which it alleges it is entitled for messages sent by agencies of the defendant. It claims the rate established for “government messages.” The defendant insists it is entitled to no more than “press fates.”
The messages in controversy were sent by the War Finance Committees of Georgia, Indiana, and New York, and by the War Activities Committee of the Motion Picture Industry relating to the war bond drive, and charged to the Treasury Department of the United States. They were sent to newspapers or radio broadcasting stations or to motion picture trade papers.
The.rates to be paid for them depend upon the tariffs filed by plaintiff with the Federal Communications Commission and approved by it. The Federal Communications Commission was authorized by Congress to approve or disapprove tariffs filed by telegraph companies. When the tariffs were approved they determined the charges plaintiff was entitled to collect. The approval of the Federal Communications Commission of plaintiff’s tariffs determines the liability of the sender of the message. No other Federal agency has been given any authority to alter or modify its findings.
In the tariffs filed certain rates were fixed for United States Government messages. These were defined as “those sent by duly accredited representatives of the Federal Govern *201 ment * * * on official business of the Federal Government or its various bureaus and agencies.”
These War Finance Committees and the War Activities Committee were agencies of the Federal Government and were entitled to the Government rate, which the plaintiff claims.
But were they entitled to the “press rate” as the defendant insists? Belative to such messages the tariff approved by the Federal Communications Commission says they “apply only to messages * * * addressed to newspapers, press associations or newspaper syndicates, or to radio broadcasting companies or stations in the United States and Canada, filed by their correspondents, * * *.”
A “correspondent” is defined as follows:
“Correspondent,” as used in this tariff, means a person previously authorized by the newspaper, press association, newspaper syndicate or radio broadcasting company or station to which the matter to be transmitted is addressed to transmit news to it for publication, or a person, press association or news distributing organization whose regular business it is to transmit news matter to newspapers, press associations, news syndicates or radio broadcasting companies or stations for dissemination to the public.
These War Bond Committees and the War Activities Committee of the Motion Picture Industry were in no sense “correspondents” of the newspapers to whom the messages were sent. They were not employed by the newspapers to collect news; they were propaganda agents for the War Bond drives; they used the newspapers for the dissemination of their propaganda. They served not the paper but the cause they espoused — a very worthy one, we may say. “Press rates” were for the benefit of newspapers. The Government had to pay a higher rate.
That may not be as it should be, but it is according to the tariffs filed and approved, and they govern the rights of the parties.
Plaintiff will have judgment against the defendant in the sum of $1,212.92. It is so ordered.
Howell, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.